## DE PALLANDT v. FLYNN.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

PLEADINGS—SERVICE—TIME.

> An order requiring security for costs extended defendant's time to answer 20 days after security had been filed. Security was filed on the following day, and a motion made to vacate the extension. On return of the motion, defendant's attorney consented that it be granted, whereupon the court directed that the order granting it be settled on notice. On the same day a proposed order, with notice of settlement for February 3d, was served on defendant's attorney; and on February 2d an answer was served, putting in issue all the material allegations of the complaint—the order being settled and entered on the 3d, and within 24 hours after plaintiff had returned the answer and entered judgment by default. *Held*, that defendant was entitled to answer at any time before the order vacating the extension of time to answer was actually signed and entered, and was therefore not in default for failure to answer.

Appeal from Special Term, New York County.

Action by May De Pallandt against Charles B. Flynn. From an order denying a motion to vacate a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Lewis Squires, for appellant.

James A. Allen, for respondent.

McLAUGHLIN, J. Appeal from an order denying a motion to set aside a judgment entered on an alleged default in pleading. The action is brought upon a promissory note, and on the last day to answer the attorney for the defendant served on the attorney for the plaintiff an order requiring her to file security for costs, which contained a provision extending defendant's time to answer 20 days after such security had been filed. On the day following the security was filed, and a motion then made to vacate such order in so far as it extended the time to answer. On the 1st day of February, 1905, the return day of the motion, the defendant's attorney appeared at the call of the calendar and consented that plaintiff's motion be granted, whereupon the court granted the motion and directed that the order be settled on notice; and on the same day a proposed order, with notice of settlement for the 3d of February, was served on defendant's attorney. On the 2d of February an answer was served, which put in issue material allegations of the complaint. On the 3d of February the proposed order was settled and entered in the office of the clerk, and immediately thereafter, and within 24 hours after its receipt, the answer was returned, and judgment entered as though defendant had made default in pleading; and the appeal is from an order denying a motion to vacate it.

I am of the opinion that the motion should have been granted. The defendant had a right to serve an answer at the time the one in question was served. This was given to him by the order extending time to answer. The fact that the court had announced

on the day previous that the motion to vacate that order was granted did not, in fact, accomplish that result. The order extending the time to answer remained in full force and effect until the order vacating it had been actually signed and entered, and this was not until the day after the answer had been served. The settlement of the order was the actual disposition made of the motion, and that was on the 3d of February. The answer was served on the 2d of February, and at a time when defendant had a right to serve it. It put in issue material allegations of the complaint, and, until such issues had been disposed of, judgment could not legally be entered.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.

ROSS v. METROPOLITAN ST. RY. CO. et al.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

1. NEW TRIAL—STATUTES—APPEAL.

Under Code Civ. Proc. § 999, providing that the judge presiding at a trial by a jury may grant a new trial on exceptions, or because the verdict is for excessive or insufficient damages or otherwise contrary to the evidence or contrary to law, where a motion is made for a new trial on all the grounds named in the statute, and an order is made sustaining the motion as to one ground and denying it as to the rest, the order cannot be reversed on appeal if the moving party is entitled to have the verdict set aside on either of the grounds mentioned in the motion and statute.

2. PERSONAL INJURIES—LIABILITY—STREET RAILROAD.

The mere use of the tracks of a railroad company by a street railway is insufficient to render the street railway company liable for injuries to a pedestrian on the street on which the tracks are laid, where the injuries were the result of a defective cross-walk alongside of the track.

3. SAME—RAILROAD.

A railroad which was given the right by ordinance to lay down rails and operate a railroad through a street, and undertook to pave the street when required by the city council, was not liable for injuries to a pedestrian caused by a defective cross-walk alongside the track, in the absence of evidence that the council ever ordered the railroad to pave.

4. PERSONAL INJURIES—VERDICT—EXCESSIVENESS—NEW TRIAL.

Appeal from Trial Term, New York County.